Andrew W. Caine (CA Bar No. 110345)
acaine@pszjlaw.com
Jeffrey P. Nolan (CA Bar No. 158923)
jnolan@pszjlaw.com
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760

Attorneys for Defendant, FWREF Nashville Airport, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>URBAN COMMONS, LLC,<br><br>Debtor. | Case No. 2:21-bk-13523-WB<br><br>Chapter 7<br><br>Adv No. 2:23-ap-01302-WB |
| CAROLYN A. DYE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>FWREF NASHVILLE AIRPORT, LLC, a Delaware limited liability company,,<br><br>Defendant. | **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST HOWARD WU FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>Judge:   Hon. Julia W. Brand |

**TO THE HONORABLE JULIE W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, PARTIES REQUESTING SPECIAL NOTICE AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Defendant FWREF Nashville Airport LLC ("FWREF"), hereby files the within Motion For Attorneys Fees And Costs Against Howard Wu For Failure To Comply With Court Order (the "Motion") pursuant to the Bankruptcy Code and this Court's order of March 28, 2025 (the "Order") granting FWREF's Motion for Order to Show Cause Regarding Howard Wu's Contempt of Subpoena. Defendant seeks the recovery of reasonable attorneys' fees

4913-2098-7183.3 23949.001

and costs incurred in bringing the various motions and the Motion per the Court's Order finding Howard Wu in contempt of court.  The Motion  seeks reasonable attorneys' fees and costs in the amount of $15,766.37.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and the supporting Declarations of Jeffrey Nolan and Sara Miller as attached hereto (collectively, the "Motion Pleadings"), the record in these cases and any other evidence before the Court prior to or at the hearing on the Motion, and all matters of which this Court may properly take judicial notice.  If you wish to obtain a copy of the Motion Pleadings, please contact the office of counsel for FWREF.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rule of Bankruptcy Procedure 9013-1(o)(1), any objection to the Motion must be filed and served upon counsel for FWREF, Jeffrey P. Nolan, 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California 90067 no later than fourteen (14) days of the mailing of this Notice of Motion.  Any such objection must be accompanied by any declarations or memoranda of law that the objecting party wishes to present in support of its position.  The failure to properly file and serve a response to this Motion in accordance with the foregoing schedule may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

**PLEASE TAKE FURTHER NOTICE**, that if a timely objection is filed, the Court may schedule a hearing to consider the Motion and any objections.

**WHEREFORE**, FWREF respectfully requests that this Court enter an order in the form as attached to the Declaration of Jeffrey Nolan and grant such other and further relief as is just and proper under the circumstances.

| | | |
|---|---|---|
| Dated: April 28, 2025 | | PACHULSKI STANG ZIEHL & JONES LLP |
| | By | */s/ Jeffrey P. Nolan* |
| | | Andrew W. Caine |
| | | Jeffrey P. Nolan |
| | | Attorneys for Defendant, FWREF Nashville Airport, LLC |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Howard Wu, a principal of Debtor Urban Commons, LLC failed to respond to a subpoena issued by Defendant for documents. He thereafter failed to respond to a motion to show cause regarding his non- compliance, or thereafter to the order to show cause why he should not be found in contempt of court. Each proceeding was preceded by a period of time to allow Mr. Wu the opportunity to respond to the subpoena, respond to the motion or appear before the Court and comply (or indicate his basis for not complying) with duly issued orders from this Court. Mr. Wu ignored all of the aforementioned opportunities. Accordingly, the Court ruled that FWREF may obtain its reasonable attorneys' fees and costs incurred in being forced to pursue these measures.

FWREF seeks its reasonable attorneys' fees and costs of $15,766.37, spent in pursuing a response to the subpoena, filing the motion for an order to show cause, attending the subsequent hearing before the Court and in filing the present Motion. This process has lasted in excess of 10 months and as set forth herein, the fees and costs requested are reasonable.

## II.

## STATEMENT OF FACTS

On June 21, 2023, Carolyn A. Dye, Chapter 7 Trustee (the "Trustee"), filed her Complaint for (1) Avoidance and Recovery of Fraudulent Transfers, (2) Preservation of Fraudulent Transfers, and (3) Disallowance of Claims (the "Complaint") against FWREF. In the Complaint, the Trustee alleged that Urban Commons, LLC (the "Debtor") made payments to FWREF and that the payments were "on account of services, payments of debts or other obligations not related to the Debtor and did not benefit the Debtor." (Compl., ¶¶ 13, 14, ECF No. 1.) The Trustee seeks to avoid the transfers and recover the value of the transfers from FWREF. (Id., 8.)

The transfers at issue in this matter relate to a purchase and sale agreement for property in Nashville, Tennessee, specifically the sale of property by FWREF to UNI Nashville Airport Hotel, LLC, a related entity of the Debtor. (Compl., Ex. 1, ECF No. 1.) Thus, discovery in this case has included investigation into the relationship between the Debtor and other entities connected with

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the purchase of the property, as well as the individuals involved in the various entities. (Declaration of Sarah Miller, ECF No. 25, ¶ 4.) Howard Wu is one of those individuals that Defendant sought documents relevant to the litigation given that he was a member of the Debtor. (*Id.*)

On February 7, 2024, FWREF served Wu with the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (the "Subpoena"). (Miller Decl., Ex. 1.) The Subpoena requested documents relating to, among other things, three entities believed to be associated with the Debtor—SH Nashville, LLC; UNI Nashville Airport Hotel, LLC; and Eagle Nashville Airport LLC—and to the purchase and sale agreement. (Id.) Wu never served FWREF with any objections to the Subpoena before or after the fourteen (14) day deadline to serve objections under Fed. R. Civ. P. 45(d)(2)(B), nor has FWREF ever received any documents from Wu. (Miller Decl. ¶ 9.)

On June 14, 2024, FWREF filed the Motion, a memorandum in support of the motion, and a declaration in support of the motion. (ECF No. 23-27.) After it had received no response or documents from Wu by December 2, 2024, FWREF subsequently noticed a hearing on the motion. (ECF No. 33.) Wu never responded to the motion.

On January 22, 2025, the Court ordered Wu to appear before the Court and show cause why the Court should not enter an order compelling him to be in civil contempt and awarding FWREF its reasonable attorneys' fees and costs incurred in bringing the Motion. (*See* Order, ECF No. 37.)

On March 28, 2025, the Court ruled finding Wu to be in civil contempt for failure to comply with the Subpoena and awarding FWREF its reasonable attorneys' fees and costs, ordering FWREF to file the instant motion by April 28, 2025. (*See* Order, ECF No. 46.)

FWREF now seeks to recover its attorneys' fees and costs in the amount of $15,766.37, which is the reasonable amount of attorney's fees and costs incurred by FWREF in filing the various motions, attending the hearings, and seeking the relief requested. The amount requested should be awarded because (1) the Court ordered Wu to pay FWREF's reasonable attorney's fees and costs in bringing the Motion; (2) the requested hourly rate for FWREF's attorneys and

reasonable; and (3) FWREF should be fully compensated for the unnecessary expenditure of its counsel's time resulting from Wu's failure to respond to the Subpoena, respond to the Motion or appear at the hearing scheduled by the Court.  Accordingly, Defendant respectfully requests its fees be granted in the amount requested.

### III.

### ARGUMENT

#### A.   FWREF's Attorney's Fees and Costs are Reasonable

Payment of opposing counsel's attorneys' fees is one form of permissible sanction under Rule 45.  *O'Leary v. Radius Recycling, Inc.*, 2024 U.S. Dist. LEXIS 196202, *4 (D. Or. Oct. 2024) Courts in this District generally apply the lodestar method to determine the reasonableness of requested attorneys' fees. *Multiple Energy Techs., LLC v. Casden*, No. 2:21-CV-01149-ODW (RAOX), 2025 WL 579641, at *15 (C.D. Cal. Feb. 21, 2025). The lodestar figure is obtained by "multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Id.* (*quoting Intel Corp. v. Terabyte Int'l, Inc.*, 217 F.3d 1060, 1070 (9th Cir. 2000)).

"The burden is on the fee applicant to produce satisfactory evidence ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id* (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).  The "relevant community" is generally the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). Further, "the experience, skill and reputation of the attorney" should be considered.  *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). Applying these criteria, FWREF's requested attorneys' fees are entirely reasonable.

As set forth in the accompanying declarations, the experience, skill and reputation of FWREF's counsel justify the applicable hourly rates.  Counsel in Tennessee who handled this matter were already familiar with the business transaction which formed the crux of the litigation before this Court handled drafting the subpoena, the motion to show cause, and seeking to gain Mr. Wu's compliance.  Both attorney's are experienced lawyers familiar with the underlying facts. The rates charged, $470 and $640 per hour are reasonable and commonplace for business in

1 Tennessee and were in fact lower than the firm's standard customary rates in light of the client's
2 long-time relationship to the firm. (Decl. Miller, §§7, 8) Given the matter was pending in the
3 Central District of California, Pachulski Stang Ziehl & Jones ("PSZJ") was retained as local
4 counsel. PSZJ staffed the adversary with an attorney and paralegal. The attorney staffed on the
5 case at PSZJ, is familiar with the In re Urbans Commons litigation matter having represented
6 numerous other defendants in the case. (Decl. Nolan, §3) The hourly rate charged by PSZJ was
7 consistent with the firm's regular billing rates and for an attorney with in excess of 30 years of
8 litigation experience. (Decl. Nolan, §3-4)

### B. The Requested Number of Hours Is Reasonable.

Using the lodestar method, the Court should award fees for "a reasonable number of hours for which the prevailing party should be compensated." *Gonzales*, 729 F.3d at 1202; see also Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

In the present case, the request for attorneys fees is limited to seeking to uphold the validity of a duly issued subpoena under this Court's jurisdiction. FWREF's counsel drafted multiple motions seeking an order to show cause, a memorandum and declaration in support, and a notice of hearing for the motion. (ECF No. 23-25, 33.) FWREF served the motions and order on Mr. Wu. (ECF No. 42).

FWREF's counsel drafted and filed a declaration confirming that Wu did not respond to the Subpoena or the motion to show cause. (ECF. No. 45.) Counsel prepared for two hearings, and attended the hearing that was necessitated due to the lack of a response from Mr. Wu. Finally, FWREF's counsel prepared and filed its motion for fees and supporting memorandum, declaration and references to the record. FWREF's counsel was forced to incur a total of 13 hours over an eight month period to follow up on the subpoena, set the multiple failures for hearings, and to obtain the order finding Mr. Wu in contempt. Just under five hours was incurred in compiling the procedural history of events and drafting the present motion. (Decl. Miller, §10, See Exhibit A thereto) Fees of Bass, Berry & Sims PLC incurred relative to the process of upholding the subpoena and the multiple failures by the responding party over a course of almost one year was $9,828. (Decl. Miller, §10)

Similarly, the fees recited in the Declaration of J Nolan evidence 4.9 hours to schedule the multiple motions, appear at the OSC hearing, and to draft the necessary orders. PSZJ incurred a further 1.8 hours to draft the declaration, coordinate, revise, and file the present Motion. (Decl. Nolan, §6) Fees of PSZJ incurred relative to the process of upholding the subpoena and the failure of the responding party was $5,875. (Decl. Nolan, See Exhibit A thereto)

While the movant seeking fees has the burden of justifying the number of hours for which compensation is sought, to establish reasonableness, "the Ninth Circuit requires only that the affidavits be sufficient to enable the court to consider all the factors necessary to determine a reasonable attorneys fee award." *Akerman v. W. Elec. Co.*, 643 F. Supp. 836, 863 (N.D. Cal. 1986), aff'd, 860 F.2d 514 (9th Cir. 1987). FWREF respectfully submits that the declarations filed herewith clearly establish the reasonableness of the fees requested relative to the tasks before the Court.

The total fees requested in the motion are $15,703 and costs are $63.37 for a total fee award of $15,766.37. All of the time, delay and effort expended was as a result of the conduct of Mr. Wu and his abject refusal to comply with orders of this Court. His refusal was entirely improper and resulted in the Defendant being forced to defend litigation without documents relevant to the case.

### CONCLUSION

FWREF requests that the Court grant this motion in its entirety, award total fees and costs in the amount of $15,766.37, and/or set such further proceedings if necessary to reimburse Defendant for Mr. Wu's refusal to comply with a duly issued subpoena under the jurisdiction of this Court, or for other relief that this Court deems just and proper.

4913-2098-7183.3 23949.001    8

Dated: April 28, 2025    PACHULSKI STANG ZIEHL & JONES LLP

By    */s/ Jeffrey P. Nolan*
    Jeffrey P. Nolan
    *Attorneys for Defendant, FWREF Nashville*

47184533.1